# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0776V
Filed: August 27, 2019
UNPUBLISHED

|  |  |
|---|---|
| ELIZABETH PHENNEGER,<br><br>　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Kristina E. Grigorian*, Jeffrey S. Pop & Associates, Beverly Hills, CA, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On May 31, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that she developed Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccine she received on September 21, 2016.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 27, 2019, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS.  On August 26, 2019, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $163,000.00 in the form of a check payable to petitioner and a lump sum of $109,850.26, representing

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation for satisfaction of a State of Washington Medicaid lien.  Proffer at 4.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **the undersigned awards:**

1. **A lump sum payment of $109,850.26, representing compensation for satisfaction of a State of Washington Medicaid lien, payable jointly to petitioner and:**

   Optum
   75 Remittance Drive, Ste. 6019
   Chicago, IL  60675-6019
   Tax ID:  41-1858498

   Petitioner agrees to endorse this payment to the State and/or the State's designee; and

2. **A lump sum payment of $163,000.00 (which includes approximately $13,000.00 in compensation for unreimbursed expenses) in the form of a check payable to petitioner, Elizabeth Phenneger.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2